UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JONATHAN PETROSINO, *individually and on behalf of all others similarly situated*,

                       **Plaintiff,**

  vs.                                          1:22-CV-705
                                              (MAD/DJS)

FASTENAL COMPANY,

                       **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **BURSOR & FISHER, P.A. - NEW YORK OFFICE**<br>888 Seventh Avenue<br>New York, New York 10019<br>*Attorneys for Plaintiff* | PHILIP LAWRENCE FRAIETTA, ESQ.<br>YITZCHAK KOPEL, ESQ. |
| **OGLETREE DEAKINS**<br>599 Lexington Avenue<br>Suite 17th Floor<br>New York, New York 10022<br>*Attorneys for Defendant* | EVAN B. CITRON, ESQ.<br>JESSICA R. SCHILD, ESQ. |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On July 1, 2022, Plaintiff Jonathan Petrosino ("Plaintiff") commenced this class action against Defendant Fastenal Company ("Defendant") asserting violations of New York Labor Law ("NYLL"), Art. 6 § 191. *See* Dkt. No. 1. Specifically, Plaintiff claims that Defendant failed to pay him and similarly situated manual workers timely wages, by paying them every other week

1

rather than weekly, and without a New York State Department of Labor express authorization to do so. *See id.* at ¶¶ 2, 5, 18-21.

On October 21, 2022, Defendant filed a motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction. *See* Dkt. Nos. 23-1, 33. Plaintiff opposes the motion. *See* Dkt. Nos. 25. For the reasons set forth below, Defendant's motion to dismiss is denied.

## II. BACKGROUND

Defendant is a company headquartered in Minnesota with its principal place of business in Winona, Minnesota. *See* Dkt. No. 1 at ¶ 10. Plaintiff is a Florida resident, and was employed at Defendant's location in Schenectady, New York from 2016 to 2017. *See id.* at ¶ 11.

Plaintiff defines the proposed class

> as all persons employed by Defendant in the State of New York over the last six years who (1) earned nine hundred dollars a week or less; and/or (2) did not have the authority to hire and fire other employees (the "Class"). Members of the Class include, but are not limited to persons employed by Defendant in the following capacities: warehouse associate, supply chain associate, shipping, customer site warehouse support, receiving lead, manufacturing lead/coordinator. Persons employed in each of these capacities were required to spend more than 25% of their time engaged in physical labor.

*Id.* at ¶ 12. Plaintiff alleges he and similarly situated current and former manual workers are entitled to liquidated damages, interest, and attorney's fees. *See id.* at ¶ 6.

Defendant argues that (1) the Court does not have subject matter jurisdiction because Plaintiff lacks standing as Plaintiff has failed to allege an injury in fact, and (2) Plaintiff failed to state a claim because there are no express or implied rights of action for untimely wage payment violations of NYLL § 191. *See* Dkt. No. 23-1 at 6-7.

## III. DISCUSSION

A.     **Standard of Review**

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Dutrow v. New York State Gaming Commission*, No. 13-CV-996, 2014 WL 11370355, *3 (E.D.N.Y. July 29, 2014), *aff'd*, 607 Fed. Appx. 56 (2d Cir. 2015); *see also Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) (citation omitted) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit ([*i.e.*,] subject-matter jurisdiction)").  "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

When subject matter jurisdiction is challenged, a plaintiff "bear[s] the burden of 'showing by a preponderance of the evidence that subject matter jurisdiction exists.'" *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (quoting *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)). In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted).  The court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [ ] may not rely on conclusory or hearsay statements contained in the affidavits." *Id.* (citations omitted).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted).  In considering the legal

3

sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face." *Id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id.* at 570.

**B.    Analysis**

In each of Defendant's arguments, Defendant asks the Court to find that a New York Appellate Division case, *Vega v. CM and Associates Construction Management., LLC*, either does

4

not apply to the section of the NYLL at issue or was incorrectly decided.[1]  *See* Dkt. No. 23-1; *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019).  Absent a clear directive from a state's highest court, a federal court must "'predict how the state's highest court would resolve the uncertainty or ambiguity.'"  *Caul v. Petco Animal Supplies, Inc.*, No. 20-CV-3534, 2021 WL 4407856, *2 (E.D.N.Y. Sept. 27, 2021) (quoting *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 499 (2d Cir. 2020)).  "This Court is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion."  *V.S. v. Muhammad*, 595 F.3d 426, 432 (2d Cir. 2010) (citing *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999)).  The Court finds no such persuasive evidence and notes that numerous district courts have addressed and rejected these arguments.  *See, e.g.*, *Mabe v. Wal-Mart Assocs., Inc.*, No. 1:20-CV-591, 2022 WL 874311, *8 (N.D.N.Y. Mar. 24, 2022) ("Based upon [these arguments], the Court is not convinced that the New York Court of Appeals would reach conclusions different than those expressed in *Vega*"); *Caul*, 2021 WL 4407856, at *3; *Sorto v. Diversified Maint. Sys., LLC*, No. 20-CV-1302, 2020 WL 7693108, *2-3 (E.D.N.Y. Dec. 28, 2020); *Duverny v. Hercules Medical P.C.*, No. 18-CV-7652, 2020 WL 1033048, *5-6 (S.D.N.Y. Mar. 3, 2020); *Scott v. Whole Foods Mkt. Grp., Inc.*, No. 18-CV-86, 2020 WL 9814095, *3 (E.D.N.Y. Feb. 5, 2020).[2]

    *1. Standing*

---

[1] *Vega* held that "the term underpayment encompasses the instances where an employer violates the frequency requirements of section 191 (1) (a) but pays all wages due before the commencement of an action," and that there is a private right of action for violations of NYLL § 191.  *Vega*, 175 A.D.3d at 1146.

[2] District courts, addressing Defendant's firm directly, rejected the firm's argument that there is not a private right of action for the delayed payment of wages and courts should depart from *Vega*'s holdings.  *See Espinal v. Sephora USA, Inc.*, No. 22-CV-3034, 2023 WL 2136392, *1 (S.D.N.Y. Feb. 21, 2023); *Sorto*, 2020 WL 7693108, at *3.

Article III of the Constitution limits federal courts' jurisdiction to "cases" and "controversies." U.S. Const. Art. III, § 2. "The doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The Supreme Court has "established that the 'irreducible constitutional minimum' of standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quoting *Lujan*, 504 U.S. at 560). "The plaintiff must have [i] suffered an injury in fact, [ii] that is fairly traceable to the challenged conduct of the defendant, and [iii] that is likely to be redressed by a favorable judicial decision." *Id.*

To establish an "injury in fact," a plaintiff must show that he or she suffered "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical."'" *Lujan*, 504 U.S. at 560 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). For an "injury in fact" to be "actual or imminent," a plaintiff must allege a non-speculative injury. *See id.* at 583-84.

*Vega* held that "the term underpayment encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action," and that "Labor Law § 198(1–a) expressly provides a private right of action for a violation of Labor Law § 191." *Vega*, 175 A.D.3d at 1145-46. Since that decision courts have held that the temporary deprivation of delayed payment of wages, and the loss of the time value of that money, is sufficient for Article III standing. *See Confusione v. Autozoners, LLC*, No. 21-CV-1, 2022 WL 17585879, *1 (E.D.N.Y. Dec. 12, 2022) (quoting *Jones v. Nike Retail Servs., Inc.*, No. 22-CV-3343, 2022 WL 4007056, *1 (E.D.N.Y. Aug. 30, 2022)); *see also Gillett v. Zara USA, Inc.*, No. 20-CV-3734, 2022 WL 3285275, *5-7 (S.D.N.Y. Aug. 10, 2022);

*Espinal v. Sephora USA, Inc.*, No. 22-CV-3034, 2022 WL 16973328, *3 (S.D.N.Y. Nov. 16, 2022), *report and recommendation adopted*, 2023 WL 2136392 (S.D.N.Y. Feb. 21, 2023); *Levy v. Endeavor Air, Inc.*, No. 21-CV-4387, 2022 WL 16645829, *3-4 (E.D.N.Y. Nov. 1, 2022); *Caul*, 2021 WL 4407856, at *4.

Based on the law at issue and facts of this case, Defendant's proffered supportive cases do little to support from Defendant's argument. *See* Dkt. No. 23-1 at 12 (citing *Katz v. Donna Karan Int'l, Inc.*, No. 14-CV-740, 2017 WL 2191605 (S.D.N.Y. May 17, 2017), *aff'd and remanded*, 872 F.3d 114 (2d Cir. 2017); *Spokeo*, 578 U.S. at 330). *Katz v. Donna Karan Int'l, Inc.* and *Spokeo, Inc. v. Robins* addressed procedural violations of the Fair and Accurate Credit Reporting Act ("FACTA") and the Fair Credit Reporting Act ("FCRA") respectively, and the plaintiffs' alleged injuries were procedural, conjectural risks of harms under the different federal acts. *See Katz*, 2017 WL 2191605, at *1-2; *Spokeo*, 578 U.S. at 342-43. Here, Plaintiff complains of the loss value of time wages under state law. *See* Dkt. No. 25 at 10-13. So, instead, more illustrative are the line of federal district court cases, cited by Plaintiff, which hold that the delayed payment of wages in violation of NYLL § 191 is a concrete harm and injury in fact sufficient for Article III standing. One such case explained that

> [u]nlike in [cases] where the harm pleaded as resulting from the statutory violations was at best hypothetical, the harm plausibly pleaded here by plaintiffs as resulting from the violation of § 191 is actualized. To put it differently, the loss of the time value of the money owed to plaintiff is not a harm that *might* occur, but one that *has* occurred; it is not a harm that *might* materialize, but one that *has* materialized.

*Levy*, 2022 WL 16645829, at *4. Ultimately, "Plaintiffs' claim that [Defendant]'s deprivation of the time value of their wages was in violation of New York statutory law is enough to establish Article III standing." *Id.*; *see also Gillett*, 2022 WL 3285275, at *6; *Caul*, 2021 WL 4407856, at

7

\*4 ("[T]he late payment of wages is a concrete harm"); *Rosario v. Icon Burger Acquisition LLC*, No. 21-CV-4313, 2022 WL 17553319, \*4-5 (E.D.N.Y. Dec. 9, 2022) ("[T]he Court agrees with other courts in this Circuit that it is sufficient for Plaintiffs to affirmatively plead injury through the allegation that they were 'temporarily deprived of money owed,' and, consequently, were unable to 'invest, earn interest on, or otherwise use' money that was rightfully theirs") (citation omitted); *Harris v. Old Navy, LLC.*, No. 1:21-CV-9946, 2023 WL 2139688, \*2 (S.D.N.Y. Feb. 20, 2023) ("[T]he Court observes that the some of the same considerations that support the conclusion that Plaintiff has standing to bring this case could be viewed as support for the First Department's position that a late payment of wages constitutes an underpayment—the worker is deprived of the time value of her money as a result of the delay").

Here, Plaintiff alleges that "he was temporarily deprived of money owed to him, and he could not invest, earn interest on, or otherwise use these monies that were rightfully his. Accordingly, every day that said money was not paid to him in a timely fashion, he lost the time value of that money," which is an actionable injury. Dkt. No. 1 at ¶ 11; *see* Dkt. No. 25 at 10-13. Defendant argues that as Plaintiff was paid his wages, albeit consistently a week late, he has not suffered an actionable injury of economic loss. *See* Dkt. No. 23-1 at 12. Plaintiff has alleged an injury of the lost time value of money that could have been used during that delayed time in a variety of ways, which is sufficient for an injury for purpose of standing and the Court's subject matter jurisdiction.

Defendant next argues that Plaintiff is not entitled to liquidated damages, and so does not have standing. *See* Dkt. No. 23-1 at 12-13. Defendant also asserts that *Vega* did not address liquidated damages and so does not apply to interpretations of NYLL § 198. *See id.* at 12. Contrary to Defendant's assertion, *Vega* interpreted underpayment in the context of § 198(1-a),

finding that "the term underpayment encompasses the instances where an employer violates the frequency requirements of section 191(1)(a) but pays all wages due before the commencement of an action" and that "liquidated damages may be available under Labor Law § 198(1-a) to provide a remedy to workers complaining of untimely payment of wages, as well as nonpayment or partial payment of wages." *Vega*, A.D.3d at 1145-46.  The *Vega* court further explained its finding:

> The legislative history of the 1967 amendment to section 198 reflects that in addition to imposing 'stronger sanctions' to compel employer compliance, '[t]he imposition of liquidated damages will also compensate the employee for the loss of the use of the money to which he was entitled' (Governor's Approval Mem, Bill Jacket, L 1967, ch 310; 1967 N.Y. Legis Ann at 271).  The employee loses the use of money whether he or she is never paid, partially paid, or paid late.

*Id.* at 1146 n.2.  *Vega* clearly anticipates a case like Plaintiff's, wherein plaintiffs may be entitled to liquidated damages for delayed payment violations of NYLL § 191(1)(a)(i).  This argument is further buttressed by the federal precedent deferring to the *Vega* interpretation that such plaintiffs may be entitled to liquidated damages for such violations, dependent on the facts of their cases. *See Mabe*, 2022 WL 874311, at *6; *Rath v. Jo-Ann Stores, LLC*, No. 21-CV-791, 2022 WL 17324842, *3 (W.D.N.Y. Nov. 29, 2022); *Caul*, 2021 WL 4407856, at *2-3; *Rosario*, 2022 WL 17553319, at *4-5; *Rodrigue v. Lowe's Home Centers, LLC*, No. 20-CV-1127, 2021 WL 3848268, *5 (E.D.N.Y. Aug. 27, 2021).  Ultimately, the "NYLL liquidated damages provisions … are designed to deter wage-and-hour violations in a manner calculated to compensate the party harmed," *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (internal quotation marks and citation omitted), and a state appellate court has found that delayed payment of wage is one such suffered harm entitled to liquidated damages.  Here, the higher court would be likely to find that Plaintiff may be entitled to liquidated damages, as *Vega* found, and as both state and federal courts have

9

followed since that decision.  Accordingly, Plaintiff does have standing based on the alleged injury of untimely wage payments in violation of NYLL § 191 and may be entitled to liquidated damages, dependent on the facts of the case, based on NYLL § 198(1-a).  Finding no other barriers to jurisdiction, the Court determines it has subject matter jurisdiction.

Defendant next argues that "if Plaintiff's injury is the lost time value of money, that is all he is 'due,'" Dkt. No. 23-1 at 14, and as Plaintiff did not make an argument about calculating liquidated damages, the Court should issue a clarifying order.  *See* Dkt. No. 33 at 5.  The Court will address the liquidated damages issues and calculations as appropriate at a later stage of litigation.  *See Day v. Tractor Supply Co.*, No. 22-CV-489, 2023 WL 2560907, *1 (W.D.N.Y. Mar. 17, 2023) ("The Court will address liquidated damages issues, calculations, and counterarguments … on the facts of this case and in light of actual, albeit late, payment of wages—at summary judgment or at trial"); *Rodrigue*, 2021 WL 3848268, at *6.

### 2. Private Right of Action

Defendant again asks this Court to revisit *Vega*'s holding, specifically that NYLL § 191 has a private right of action for untimely wage payments, and the decisions of numerous federal courts, which have not been persuaded to revisit that holding.  *See Vega*, 175 A.D.3d at 1146; *Mabe*, 2022 WL 874311, at *7-8; *Sorto*, 2020 WL 7693108, at *2-3; *Scott*, 2020 WL 9814095, at *3 ("In the absence of a Court of Appeals case directly on point, the Appellate Division's decision in *Vega* remains entitled to persuasive consideration.  It is the lone decision from an intermediate court, it is factually analogous to the current case" asserting failure to pay timely wages under NYLL § 191); *see also Rojas v. Hi-Tech Metals, Inc.*, No. 702847/2019, 2019 WL 4570161, *3 (N.Y. Sup. Ct. Sept. 11, 2019) ("In light of the sentiments set forth in *Gottlieb* by the Court of

Appeals and the holding in *Vega*[,] Defendant's motion to dismiss Plaintiff's NYLL §§ 191(1)(a) and 198(1-a) claims is denied").

Defendant argues that NYLL § 191 does not contain an express private right of action for untimely wage payments. *See* Dkt. No. 23-1 at 15. *Vega* found that "Labor Law § 198(1-a) expressly provides a private right of action for a violation of Labor Law § 191." *Vega*, 175 A.D.3d at 1146. Here, like in *Vega*, "Defendant's position that no private right of action exists is dependent on its erroneous assertion that the late payment of wages is not an underpayment of wages." *Id.* Other courts have noted in their decisions following *Vega* that "[t]he First Department of the New York State Appellate Division has ruled that § 198 expressly creates a private right of action for violations of § 191's wage provisions." *See, e.g.*, *Day v. Tractor Supply Co.*, No. 22-CV-489, 2022 WL 19078129, *5 (W.D.N.Y. Dec. 1, 2022), *report and recommendation adopted*, 2023 WL 2560907 (W.D.N.Y. Mar. 17, 2023).

In support of their argument, Defendant does not cite authority finding that there is no express private right of action. Instead, Defendant cites cases reminding the Court that it may disregard the *Vega* ruling should there be persuasive evidence that the state's highest court would have decided otherwise. *See* Dkt. No. 23-1 at 15 n.9 (citing *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 199-200 (2d Cir. 2005); *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d. Cir. 2005)). Defendant states that the liquidated damages within NYLL § 198(1-a) simply cover "underpayments," and argues that delayed payments are not underpayments. *See* Dkt. No. 23-1 at 15. Defendant also cites one dictionary's definition of underpayment to support its interpretation of NYLL §§ 191, 198. The Court does not find Defendant's arguments persuasive enough to suggest that the state's highest court would reach a different conclusion than that contained in *Vega*. *See V.S.*, 595 F.3d at 432.

11

Rather, the Court is persuaded by other federal court cases finding an express right. For example, in *Rath v. Jo-Ann Stores, LLC*, the court found that "[i]t is the combination of sections 191 and 198(1-a) that creates an express private right of action for untimely wage payments. Section 191 creates the substantive right for the manual employee to timely and complete wage payments and § 198(1-a) furnishes the procedures and remedies available for violations." *Rath*, 2022 WL 17324842, at *7. Further,

> state trial court opinions after *Vega* … apply that decision to recognize the private right of action. There is no contrary data or authority to suggest the New York Court of Appeals would decide to the contrary. This Court also observes that federal courts after *Vega* uniformly follow suit … The standard, however, is whether there is substantial evidence that the New York Court of Appeals would agree or not.

*Id.* (finding "that the State's highest court would conclude that delayed payment is a form of underpayment" and that "[i]t is the combination of sections 191 and 198(1-a) that creates an express private right of action for untimely wage payments"). Accordingly, based on Defendant's lack of support for its arguments, and well-reasoned federal cases directly addressing this issue, the Court disagrees with Defendant's assertions that *Vega* was wrongly decided, should be revisited, and that there is no express private right of action under NYLL § 191.

Defendant next argues that NYLL § 191 does not contain an implied private right of action. *See* Dkt. No. 23-1 at 16. Defendant argues that the Court should apply the *Sheehy* factors, as used in *Konkur v. Utica Academy of Science Charter School*, to determine that there is not an implied private right of action, and that *Vega* did not address the factors. *See* Dkt. No. 23-1 at 16-18; *Konkur v. Utica Acad. of Sci. Charter Sch.*, 38 N.Y.3d 38 (2022). *Konkur* focused on NYLL § 198-b, a different section than at issue here, and found that the section prohibiting kickbacks does not contain an implied private right of action, where the plaintiff argued there was an

12

implied right of action because of NYLL § 198(1-a) allowed for "action for wages" for "reasonable attorney's fees." *Konkur*, 38 N.Y.3d at 39, 43-44. "Since the Court of Appeals' decision in *Konkur*, lower federal courts have considered whether *Konkur* abrogated or overruled sub silencio the First Department's earlier decision in *Vega*. All of those lower federal court decisions have answered that question in the negative." *Georgiou v. Harmon Stores, Inc.*, No. 2:22-CV-02861, 2023 WL 112805, *4 (E.D.N.Y. Jan. 5, 2023) (citing *Rosario*, 2022 WL 17553319, at *5; *Rath*, 2022 WL 17324842, at *6-7); *see also Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21-CV-9768, 2022 WL 563264, *2 (S.D.N.Y. Feb. 24, 2022) (declining to extend *Konkur*); *Day v. Tractor Supply Co.*, No. 22-CV-489, 2022 WL 19078129, *7 (W.D.N.Y. Dec. 1, 2022), *report and recommendation adopted*, 2023 WL 2560907 (W.D.N.Y. Mar. 17, 2023).

The *Sheehy* factors are: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme." *Sheehy v. Big Flats Community Day*, 73 N.Y.2d 629, 633 (1989). While *Vega* held that there was an express right of action for the delayed payments, the court also discussed the existence of an implied right of action, including with citations to *Sheehy*, and stated that

> a remedy may be implied since plaintiff is one of the class for whose particular benefit the statute was enacted, the recognition of a private right of action would promote the legislative purpose of the statute and the creation of such a right would be consistent with the legislative scheme. Here, plaintiff is a "manual worker" as defined by the statute, and allowing her to bring suit would promote the legislative purpose of § 191, which is to protect workers who are generally "dependent upon their wages for sustenance," and § 198, which was enacted to deter abuses and

> violations of the labor laws. It would also be consistent with the
> legislative scheme, as section 198 explicitly provides that
> individuals may bring suit against an employer for violations of the
> labor laws, even if the Commissioner chooses not to do so.

*Vega*, 175 A.D.3d at 1146-47 (citations omitted); *see also Mabe*, 2022 WL 874311, at *7 (discussing *Vega* addressing the *Sheehy* test and finding an implied right of action). Other courts have recognized an implied right of action and *Vega*'s analysis of such an implied right, and this Court concurs in those findings. Based on the foregoing, Defendant has failed to provide persuasive evidence that the highest state court would depart from *Vega*'s interpretations, and the Court finds there is a private right of action for untimely wage payments in violation of NYLL § 191.

For the foregoing reasons Defendant's motion to dismiss is denied.

### III. CONCLUSION

After careful review of the record, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** Defendant's motion to dismiss (Dkt. No. 23-1) is **DENIED;** and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 17, 2023
Albany, New York

Mae A. D'Agostino
U.S. District Judge